IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ERICK B. DAVIS, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CASE NO.: 7:21-cv-00014 |
| | : | |
| FORD MOTOR COMPANY, | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is Defendant Ford Motor Company's unopposed Motion for Summary Judgment (Doc. 39) and unopposed Motion to Dismiss for Want of Prosecution. (Doc. 49.) For the reasons that follow, Defendant's Motion to Dismiss for Want of Prosecution (*Id.*) is **GRANTED**, Plaintiff's Amended Complaint (Doc. 20) is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion for Summary Judgment (Doc. 49) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**I.  Procedural History**

On January 12, 2021 Plaintiffs Erick B. Davis and Shanekia Marsh filed a Complaint in the Superior Court of Lowndes County alleging products liability claims of Design Defect, Manufacturing Defect, Failure to Recall, and Failure to Warn against Defendant Ford Motor Company ("Ford").[1] (Doc. 1-1 at 2). Defendant removed the case to this Court on January 29, 2021. (Doc. 1.) On March 2, 2021, with the benefit of counsel, Plaintiff filed an amended complaint. (Doc. 20.) On July 14, 2021 Plaintiff's counsel, Greg Coleman Law PC and the Ellerbee Law Firm PC, both filed a Motion to Withdraw as Counsel from Plaintiff Erick Davis's product liability suit against Defendant Ford Motor Company. (Docs. 31, 32.) Therein, Attorney Justin Day notified the court that "due to insurmountable disagreements on legal

---

[1] On June 28, 2021 Plaintiff Shanekia Marsh filed a "Motion to Dismiss Plaintiff Shanekia Marsh." (Doc. 29.) Therein, Plaintiff Marsh moved this Court to dismiss Plaintiff Shanekia Marsh, and all of her claims, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). (*Id.*) Defendant, Ford Motor Company, timely filed a response (Doc. 30) on July 6, 2021 noting that they did not oppose Plaintiff Marsh's Motion. (Doc. 29.) The Court entered an Order on August 4, 2021 (Doc. 36) granting Plaintiff Marsh's Motion to Dismiss. (Doc. 29.)

strategy," he had provided Plaintiff notice of Greg Coleman Law PC and the Ellerbee Law Firm PC's intention to withdraw as counsel 14 days prior to the filing of the Motion to Withdraw as Counsel. (*Id.*) Consistent with M.D. Ga. L.R. 83.1.4, Attorney Day filed on the same date a "Notice of Motion to Withdraw as Counsel" (Doc. 33) stating *inter alia*, that Plaintiff consents to counsels's withdrawal, that Plaintiff will have the burden to prepare for trial or hire counsel, and restating the deadlines in the Court's Discovery Order. (Docs. 22, 24.) The Notice (Doc. 33) was mailed on July 14, 2021 to Plaintiff and directed that service of all notices and pleadings be made upon Plaintiff. *See* M.D. Ga. L.R. 83.1.4. Fourteen days passed since the Motions to withdraw were filed and there was no objection to the motion. (Doc. 37.) *Id.* On August 4, 2021 this Court entered an Order (Doc. 37) granting Plaintiff's counsels's Motions to Withdraw as Counsel. (Docs. 31, 32.) In that Order, the Court notified Plaintiff that "he must comply with all Federal Rules, the local Rules, and the Orders of the Court and must comport himself as would any other attorney before this Court." (Doc. 37.) Plaintiff was also noticed that "failure to comply with the Rules or Court's orders [could] result in sanctions being imposed against Plaintiff, including monetary sanctions and the dismissal of his case(s)." (*Id.*)

On November 17, 2021 Defendant filed a Motion for Summary Judgment (Doc. 39). On December 17, 2021, the Parties filed a Consent Motion (Doc. 46) requesting an extension of time for Plaintiff to file a Response to the Defendant's Motion for Summary Judgment. (Doc. 39.) Plaintiff was in the process of obtaining new counsel. (*Id.*) The Court entered an Order (Doc. 47) on December 21, 2021 granting Plaintiff an extension of twenty-one (21) days to respond to Defendant's Motion for Summary Judgment. (Doc. 39.) In that Order, the Court noted again that "it remains [Plaintiff's] responsibility to file a response to the motion for summary judgment." (Doc. 47.) To date, Plaintiff has not responded to the Defendant's Motion for Summary Judgment (*Id.*).

On March 7, 2022 Defendant filed a Motion to Dismiss for Want of Prosecution. (Doc. 49.) On March 9, 2022 the Court entered an Order (Doc. 50) directing the Plaintiff to file any desired response to the Motion to Dismiss for Want of Prosecution (Doc. 49) within twenty-one (21) days and again noting that "[i]f Plaintiff fails to file a brief in opposition to the Motion to Dismiss, a final judgment may be rendered against him." (Doc. 50.) To date, no response

has been filed to Defendant's Motion to Dismiss for Want of Prosecution (Doc. 49.) Accordingly, these issues are now ripe for disposition.

**II.     Plaintiff's Complaint Is Subject to Dismissal Under Rule 41(b)**

Plaintiff's failure to meet his burden to prosecute the case warrants potential dismissal under Federal Rule of Civil Procedure 41(b). *See Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802–03 (11th Cir. 2006). Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." In order to dismiss an action under Rule 41(b), the Court "must find (1) a clear record of delay or willful contempt; and (2) that lesser sanctions would not suffice." *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020). Dismissal under Rule 41(b) is an extraordinary remedy to be "used in the most extreme cases." *Id.* However, where there has been forewarning sufficient to put the litigant on notice of the possibility of dismissal or other sanctions, dismissal under Rule 41(b) is not an abuse of discretion. *Id.*; see also *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). With notice, dismissal of a *pro se* complaint may be appropriate "even where less drastic sanctions are available." *Amerson v. Comm'r, Georgia Dep't of Corr.*, No. 20-11179, 2022 WL 628418 (11th Cir. Mar. 4, 2022); *see also Haji*, 834 F. App'x at 563 ("[P]ro se litigants who ignore . . . orders are subject to sanctions like any other litigant.").

This Court's August 4, 2021 (Doc. 37), December 21, 2021 (Doc. 47), and March 9, 2022 (Doc. 50) Orders clearly noticed Plaintiff of his duty to respond to Defendant's Motion for Summary Judgement (Doc. 39) and Motion to Dismiss for Want of Prosecution (Doc. 49) and that failure to oppose Defendant's motions via affidavits or other materials could result in a final judgment being rendered against him, particularly if he decided not to obtain new counsel, to proceed *pro se*, and failed to file a response. (Docs. 39, 47, 49). While the Court recognizes that Plaintiff is proceeding *pro se* and may not be aware of the "subtleties of modern motion practice[,]" the Court has appropriately put him on notice of his responsibilities to prosecute the case, and that failure to oppose could result in final judgment. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (directing courts to provide notice to *pro se* litigants facing a motion for summary judgment "of the summary judgment rules, [their] right to file affidavits or other material in opposition to the motion, and of the consequences of

default."). The Court therefore finds that Plaintiff, having received sufficient notice of their rights, obligations, and potential consequences for failure to prosecute the action, is not shielded from sanctions.

After a thorough review of the record and the propriety of a Rule 41(b) sanction, the Court finds dismissal under Rule 41(b) warranted. The Court notes the record demonstrates multiple instances of undue delay and missed deadlines. Plaintiff has failed to comply with any of the Court's Orders involving either the Motion for Summary Judgment (Doc. 39) or the Motion to Dismiss for Want of Prosecution. (Doc. 49.) After three clear warnings and deadlines, all of which were missed, Plaintiff's actions indicate either an unwillingness or inability to comply with Court orders and also evidence willful contempt. Further delay would be unfair to the Defendant Ford Motor Company and lead to unnecessary costs in an abandoned action. Thus, a Rule 41(b) dismissal is an appropriate sanction to bring an end to the action. The Court further finds that a lesser sanction would not suffice.

Defendant's unopposed Motion to Dismiss for Want of Prosecution (Doc. 49) is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion for Summary Judgment (Doc. 39) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**SO ORDERED**, this 14th day of July, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**